FELICIA CLARK, Pro Se

2511 Gunn Road #1

Carmichael, CA 95608

~~(916) 317-9359~~ 916 835-3571



**FILED**

JUN 05 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

2:15 - CV - 1 2 1 1 JAM DADPS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

FELICIA CLARK;

Plaintiff,

v.

**CASE NO.**

**COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**

COUNTY OF SACRAMENTO; CITY OF SACRAMENTO; ANDREW NELSON;

CHRISTOPHER KEMP; SACRAMENTO
POLICE OFFICER JOHN DOE 1; and
DOES 2 through 50, inclusive,

                  Defendants.

    Plaintiff Felicia Clark, nee Felicia Velasquez, complains against Defendants as follows:

## PARTIES

    1. Plaintiff is an adult over the age of eighteen and a resident of Sacramento County, California.

    2. Defendants Andrew Nelson and Christopher Kemp are, and at all relevant times were, law enforcement officers employed by Defendant County of Sacramento as park rangers with the Sacramento County Parks Department.

    3. Defendant John Doe 1 was, at all relevant times, employed by Defendant City of Sacramento as a police officer.

    4. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as Does 2 through 50 are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiff is informed, believe, and thereon allege that all Defendants sued herein as Does are in some manner responsible for the acts, omissions, and injuries alleged herein.

    5. Plaintiff alleges, on information and belief, that each of the Defendants sued herein was negligently, wrongfully, and/or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more Doe defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

    6. Plaintiff is informed, believe, and thereon alleges that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship. Plaintiff is further informed, believe, and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

  7. The acts and omissions of all individual defendants, as set forth herein, were at all material times pursuant to the customs, policies, practices and/or procedures of their respective government entity employers, and in doing the things alleged, each defendant was acting under the color of the laws, statutes, ordinances, and regulations of the State of California.

## JURISDICTION AND VENUE

  8. This Court has subject matter jurisdiction over this action because the claims alleged arise under the laws of the United States, including but not limited to 42 U.S.C. section 1983, and are based on the deprivation of Plaintiff's rights secured under the Federal Constitution.

  9. Venue is proper in this Court because the events giving rise to this action occurred in this judicial district.

## FACTUAL ALLEGATIONS

  10. On June 6, 2013, Plaintiff was rafting on the American River when she, along with her companions, became stranded along the bank without means of returning to their car.

  11. Fearing for their well-being, they called 911 to seek emergency rescue.

  12. Plaintiff and her companions were brought by emergency rescue personnel to meet with Defendants Nelson and Kemp, park rangers with the Sacramento County Parks Department, and were told that because they were rescue victims, they needed to be cleared by the Parks Department before returning to their vehicle and going home.

  13. While Defendant Kemp was taking their names and information, Defendant Nelson was illegally searching Plaintiff's bag without a warrant and without consent.

  14. Nelson confiscated Plaintiff's medical marijuana from her bag and discarded it, despite the fact that Plaintiff was lawfully in possession of the marijuana, by virtue of a medical marijuana card and valid prescription.

  15. When Plaintiff raised with Nelson and Kemp the impropriety of Nelson's actions, these defendants decided to arrest Plaintiff and her companions for public intoxication, even though there were no grounds, let alone probable cause, for doing so. Plaintiff's criticism of Defendant Nelson's improper behavior was the sole basis for – and indeed the moving force behind – the arrests.

  16. Realizing that she would be transported in a police vehicle, Plaintiff informed Defendants Nelson and Kemp that she suffered from claustrophobia, an anxiety disorder that is widely recognized as a disability, and asked that she not be cuffed too tightly and that the rear window of the vehicle be lowered. Defendants refused to accommodate Plaintiff's claustrophobia.

  17. As a result of Plaintiff's extreme claustrophobic state, she suffered a panic attack, during which she kicked the window of the police car, breaking it.

  18. Another officer was called to the scene in order to transport Plaintiff to the Sacramento County Jail for booking. This officer granted Plaintiff's reasonable request to have the window lowered, and Plaintiff was transferred without incident.

19. At the County Jail, Plaintiff had handcuffs applied too tightly by Nelson and/or Kemp, and suffered pain in her wrist and shoulders as a result.

20. Defendant Nelson eventually moved Plaintiff to a bench in the jail and, without provocation or justification, pushed Plaintiff down onto the bench. The maneuver caused Plaintiff's leg to come up at which point it may have made slight contact with Defendant Nelson's leg. Plaintiff did not intend to kick or otherwise make any physical contact with Nelson, and no reasonable officer in Nelson's position could have believed otherwise.

21. Very soon after pushing Plaintiff down on the bench, and with no provocation or justification, Nelson violently grabbed Plaintiff by the throat and choked her.

22. Defendant John Doe 1, seeing Deputy Nelson grab Plaintiff by the throat, but without any provocation or justification of any kind, immediately joined Deputy Nelson in violently grabbing Plaintiff by the throat and choking her.

23. Plaintiff was released on her own recognizance but Defendants and/or their employers confiscated Plaintiff's cell phone, driver's license, and medical marijuana license without any justification or legal basis, and without payment of any remuneration or other form of compensation. Plaintiff's items were eventually returned to her.

24. As a direct and proximate result of Defendants' actions, Plaintiff suffered injuries and damages compensable at law, in an amount according to proof at trial.

## FIRST CAUSE OF ACTION

## 42 U.S.C. § 1983 – FREE SPEECH RETALIATION

### (Defendants Nelson and Kemp)

25. Plaintiff refers to the allegations of Paragraphs 1 to 24 above, and incorporates them by reference as though fully set forth at length at this point.

26. When Plaintiff criticized Defendant Nelson for acting inappropriately in confiscating her medical marijuana, Defendants Nelson and Kemp retaliated by arresting Plaintiff.

27. Defendants Nelson and Kemp had no other justification for the arrest, since Plaintiff was not intoxicated and certainly did not act in a manner that would constitute a violation of Section 647 (f) of the California Penal Code, or any other law.

28. The only reason for – and the moving force behind – Defendants' actions was Plaintiff's exercise of her right to free speech, protected by the First Amendment of the United States Constitution. The right to criticize law enforcement in the performance of their duties, and the right to be free from retaliation for the exercise of such right, had been clearly established to constitute violations of the First Amendment at the time of Plaintiff's June 6, 2013 arrest.

29. As a direct and proximate result of Defendants' actions, Plaintiff's rights were violated and she suffered other damages compensable at law.

30. Defendants' actions were carried out with malice and oppression, and were done for the

very purpose of injuring Plaintiff and causing her harm. As such, Plaintiff is entitled to an award of punitive damages against these defendants.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 – FALSE ARREST

### (Defendants Nelson and Kemp)

31. Plaintiff refers to the allegations of Paragraphs 1 to 30 above, and incorporates them by reference as though fully set forth at length at this point.

32. Defendants arrested Plaintiff for public intoxication despite the absence of a warrant or probable cause.

33. Defendants' arrest was in retaliation for Plaintiff's well-founded accusation that Defendant Nelson illegally confiscated her medicinal marijuana. The arrest was thus malicious and retaliatory.

34. Knowing that the arrest for public intoxication was illegal and without probable cause, Plaintiff repeatedly requested that she be given a sobriety test, which requests were flatly denied – without any justification – by Defendants Nelson and Kemp.

35. All charges against Plaintiff for public intoxication were dropped by the prosecuting authorities.

36. As a direct and proximate result of Defendants' actions, Plaintiff suffered a deprivation of her liberty, and other injuries and damages compensable at law.

37. Defendants' arrest of Plaintiff without probable cause and without a valid arrest warrant violated Plaintiff's right to be free from unreasonable searches and seizures, secured by the Fourth Amendment to the United States Constitution. This right was clearly established at the time of Plaintiff's June 6, 2013 arrest.

38. Defendants' actions were carried out with malice and oppression, and were done for the very purpose of injuring Plaintiff and causing her harm. As such, Plaintiff is an entitled to an award of punitive damages against these defendants.

## THIRD CAUSE OF ACTION

### 42 U.S.C. § 1983 – EXCESSIVE FORCE

### (Defendants Nelson, Kemp and John Doe 1)

39. Plaintiff refers to the allegations of Paragraphs 1 to 38 above, and incorporates them by reference as though fully set forth at length at this point.

40. In handcuffing Plaintiff too tightly and in a manner that caused injury to her shoulder, and in failing to roll down the police car window to accommodate Plaintiff's claustrophobia, Defendants Nelson and Kemp used excessive force against Plaintiff in the course of her arrest. This use of force

was entirely unjustified by the circumstances, and was beyond the level of force that any reasonable law enforcement officer could have believed was justified. The use of force violated Plaintiff's clearly established right to be free from unreasonable searches and seizures, secured by the Fourth Amendment to the Constitution.

41. While at the County Jail, Defendant Nelson's shoving Plaintiff down on a bench, violently grabbing her by the neck and choking her all constituted excessive uses of force, in violation of Plaintiff's rights under the Fourth and/or Fourteenth Amendments to the United States Constitution. There was no provocation or other justification that would legally support Nelson's use of such violence and force.

42. John Doe 1's grabbing of Plaintiff's throat and choking her was entirely unnecessary and excessive, and violated Plaintiff's clearly-established right to be free from excessive force secured by the Fourth and/or Fourteenth Amendments to the United States Constitution. Indeed, Plaintiff is informed and believes and thereon alleges that an internal affairs investigation has concluded that John Doe 1's behavior was deemed improper by his own department.

43. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages compensable at law, in an amount according to proof at trial.

44. Defendants' actions were carried out with malice and oppression, and were done for the very purpose of injuring Plaintiff and causing her harm. As such, Plaintiff is entitled to an award of punitive damages against these defendants.

## FOURTH CAUSE OF ACTION

## 42 U.S.C. § 1983 – ILLEGAL SEIZURE OF PROPERTY

### (Defendants Nelson, Kemp, and County of Sacramento)

45. Plaintiff refers to the allegations of Paragraphs 1 to 44 above, and incorporates them by reference as though fully set forth at length at this point.

46. Defendants' confiscation of Plaintiff's driver's license, cell phone, and medical marijuana card following her release from custody constituted an unreasonable seizure of property and/or taking, in violation of Plaintiff's clearly established rights under the Fourth and/or Fifth Amendment of the United States Constitution.

47. As a direct and proximate result of the seizure and/or taking of Plaintiff's property, she suffered damages in an amount compensable at law.

48. The actions of Defendants Nelson and Kemp were carried out with malice and oppression, and were done for the very purpose of injuring Plaintiff and causing her harm. As such, Plaintiff is an entitled to an award of punitive damages against these defendants.

## FIFTH CAUSE OF ACTION

## 42 U.S.C. § 1983 – *MONELL* LIABILITY

### (Against Defendants County of Sacramento and City of Sacramento)

49. Plaintiff refers to the allegations of Paragraphs 1 to 48 above, and incorporates them by reference as though fully set forth at length at this point.

50. The constitutional violations alleged herein were pursuant to the following customs, policies, practices and/or procedures of the County of Sacramento and the City of Sacramento and of their various agencies that employed the individual defendants named herein, which were directed, encouraged, allowed and/or ratified by the policy making officials for the County of Sacramento and City of Sacramento:

    a. Failure to supervise and/or discipline officers for misconduct that results in the violation of citizens' civil rights; and/or;

    b. Failing to institute, maintain, or effectively administer an appropriate training regimen on subjects such as search and seizure, use of force, handling criticism directed at law enforcement officers, or recognizing and accommodating arrestees with disabilities.

51. The customs, policies, practices and/or procedures of the government entity defendants were a moving force and/or proximate cause of the deprivations of Plaintiff's constitutional rights, in violation of 42 U.S.C. § 1983.

52. As a direct and proximate result of Defendants' actions, Plaintiff suffered injuries and damages compensable at law, in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

## 42 U.S.C. § 12132 ET SEQ.

### (Against Defendants Nelson and Kemp)

53. Plaintiff refers to the allegations of Paragraphs 1 to 52 above, and incorporates them by reference as though fully set forth at length at this point.

54. Defendants Nelson and Kemp, upon arresting Plaintiff, were clearly advised by Plaintiff that she suffered from claustrophobia, which is an anxiety disorder that is widely recognized as a disability.

55. Defendants could have easily accommodated Plaintiff's disability by simply rolling down the window while Plaintiff was handcuffed in the police car. Plaintiff clearly made this request for an accommodation, and Defendants heard and understood the request. Nevertheless, Defendants refused to grant Plaintiff's request for accommodation without any justification or other legal basis.

56. As a direct and proximate result of Defendants' refusal to accommodate Plaintiff's disability, Plaintiff suffered greater injury and indignity during her arrest than other arrestees would have in a similar position. In addition, Plaintiff suffered severe anxiety and mental and emotional distress as a direct and proximate result of Defendants' violation of her rights under the Americans with Disabilities Act.

57. Defendants had absolutely no reason for failing to accommodate Plaintiff; thus, it can reasonably be inferred that Defendants' actions were carried out with malice and oppression, and with a specific intent to cause injury and harm to Plaintiff, entitling Plaintiff to an award of punitive

damages.

## PRAYER

Plaintiff prays for damages as follows:

a. For compensatory damages in an amount according to proof;

b. For punitive damages against the individual defendants;

c. For any and all applicable statutory penalties, damages, fees and costs;

d. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: 6/5/15  *Felicia Clark*

FELICIA CLARK, Pro Se

COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND