1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FELICIA CLARK,                                No.  2:15-cv-1211-JAM-EFB PS (TEMP)

12                    Plaintiff,

13          v.                                      FINDINGS AND RECOMMENDATIONS

14   COUNTY OF SACRAMENTO, et al.,

15                    Defendants.

16

17          This matter is before the court on defendants' January 8, 2016 motion to dismiss pursuant

18   to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons stated below, the

19   motion must be granted in part and denied in part.

20                                      BACKGROUND

21          Plaintiff is proceeding in form pauperis on a complaint filed on June 5, 2015.[1]  ECF No. 1.

22   Plaintiff's complaint alleges, in relevant part, that on June 6, 2013, she was stranded on a bank of

23   the American River.  *Id.* at 3.[2]  Defendants Nelson and Kemp, park rangers with the Sacramento

24   County Parks Department, responded to the scene along with emergency rescue personnel.  *Id.*

25   _____

26          [1]  Plaintiff is proceeding pro se in this action.  Therefore, the matter was referred to the
     undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

27
            [2]  Page number citations such as this one are to the page number reflected on the court's
28   CM/ECF system and not to page numbers assigned by the parties.

                                           1

1    Without plaintiff's consent, defendant Nelson searched plaintiff, confiscated and discarded her

2    medical marijuana.  *Id.* Plaintiff objected and her ensuing interactions with Nelson and Kemp

3    resulted in her arrest.  *Id.*

4    Plaintiff was then placed in the back of a police vehicle.  *Id.*  Plaintiff informed defendants

5    Nelson and Kemp that she suffered from claustrophobia.  *Id.*  Plaintiff asked that the rear window

6    be lowered to alleviate her claustrophobia, defendants refused, and plaintiff broke the window of

7    the police vehicle.  *Id.*

8    Plaintiff was then taken to jail where defendants Nelson "and/or" Kemp applied plaintiff's

9    handcuffs "too tightly."  *Id.* at 4.  Thereafter, defendant Nelson "pushed" plaintiff onto a bench,

10   causing plaintiff's leg to make contact with defendant Nelson.  *Id.*  Thereafter, defendant Nelson

11   grabbed plaintiff by the throat and choked her.  *Id.*

12   Defendants filed the pending motion to dismiss on January 8, 2016.  ECF No. 11.  After

13   plaintiff failed to file timely opposition, the undersigned issued plaintiff an order to show cause.

14   ECF No. 13.  Plaintiff filed a response on February 18, 2016.  ECF No. 14.  Defendants filed a

15   reply on February 24, 2016, ECF No. 15, along with objections, ECF No. 16.

16                                          STANDARDS

17   I.       Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

18   The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

19   sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

20   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

21   sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901

22   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

23   relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

24   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

25   the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*

26   *Iqbal*, 556 U.S. 662, 678 (2009).

27   /////

28   /////

2

1    In determining whether a complaint states a claim on which relief may be granted, the

2    court accepts as true the allegations in the complaint and construes the allegations in the light

3    most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v.*

4    *United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less

5    stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519,

6    520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the

7    form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th

8    Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than

9    an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

10   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

11   elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676

12   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

13   statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

14   facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

15   not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

16   459 U.S. 519, 526 (1983).

17   In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

18   to consider material which is properly submitted as part of the complaint, documents that are not

19   physically attached to the complaint if their authenticity is not contested and the plaintiff's

20   complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*,

21   250 F.3d 668, 688-89 (9th Cir. 2001).

22                                    ANALYSIS

23   I.    First Amendment Retaliation

24   Defendants' motion seeks dismissal of the complaint's claim for retaliation in violation of

25   the First Amendment. In this regard, defendants argue that plaintiff's "private objections to being

26   searched and/or arrested do not bear the hallmarks of 'protected speech,'" and that plaintiff's

27   "arrest was NOT motivated by retaliatory animus." ECF No. 11 at 7 (emphasis in original).

28   /////

                                         3

1    "'[T]o demonstrate a First Amendment violation, a plaintiff must provide evidence

2    showing that 'by his actions the defendant deterred or chilled the plaintiff's political speech and

3    such deterrence was a substantial or motivating factor in the defendant's conduct.'"  *Lacey v.*

4    *Maricopa County*, 693 F.3d 896, 916 (9th Cir. 2012) (quoting *Mendocino Envtl. Ctr. v.*

5    *Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999)).  "The Supreme Court has consistently

6    held that the First Amendment protects verbal criticism, challenges, and profanity directed at

7    police officers unless the speech is "'shown likely to produce a clear and present danger of a

8    serious substantive evil that rises far above public inconvenience, annoyance, or unrest.'"  *United*

9    *States v. Poocha*, 259 F.3d 1077, 1080 (9th Cir. 2001) (quoting *City of Houston v. Hill*, 482 U.S.

10   451, 461 (1987)); *see also Mackinney v. Nielsen*, 69 F.3d 1002, 1007 (9th Cir. 1995) ("Even

11   when crass and inarticulate, verbal challenges to the police are protected."); *Duran v. City of*

12   *Douglas, Ariz.*, 904 F.2d 1372, 1378 (9th Cir. 1990) ("The freedom of individuals to oppose or

13   challenge police action verbally without thereby risking arrest is one important characteristic by

14   which we distinguish ourselves from a police state.").  Moreover, the Ninth Circuit "has

15   recognized that a retaliatory police action such as an arrest or search and seizure would chill a

16   person of ordinary firmness from engaging in future First Amendment activity."  *Ford v. City of*

17   *Yakima*, 706 F.3d 1188, 1193 (9th Cir. 2013).

18          Here, plaintiff's complaint alleges that after she objected to defendant Nelson's illegal

19   search and seizure, defendants Nelson and Kemp arrested her.  ECF No. 1 at 3.  Viewed in the

20   light most favorable to plaintiff, these allegations state a claim for retaliation in violation of the

21   First Amendment.  *See Ford*, 706 F.3d at 1193 ("Ford's criticism of the police for what he

22   perceived to be an unlawful and racially motivated traffic stop falls squarely within the protective

23   umbrella of the First Amendment and any action to punish or deter such speech is categorically

24   prohibited by the Constitution."); *Duran*, 904 F.2d at 1378 ("Inarticulate and crude as Duran's

25   conduct may have been, it represented an expression of disapproval toward a police officer with

26   whom he had just had a run-in.  As such, it fell squarely within the protective umbrella of the

27   First Amendment and any action to punish or deter such speech—such as stopping or hassling the

28   speaker—is categorically prohibited by the Constitution.").

1    Accordingly, it is recommended that defendants' motion to dismiss be denied as to this

2    claim.

3    II.    <u>False Arrest</u>

4    Defendants' motion also seeks dismissal of the complaint's claim for false arrest on two

5    grounds.  First, defendants argue that plaintiff's false arrest claim is barred under *Heck v.*

6    *Humphrey*, 512 U.S. 477 (1994).  ECF No. 11 at 8-9.

7    In *Heck*, the United States Supreme Court held that a plaintiff may not prevail on § 1983

8    claim if doing so "would necessarily imply the invalidity" of plaintiff's conviction arising out of

9    the same underlying facts as those at issue in the civil action "unless the plaintiff can demonstrate

10   that the conviction or sentence has already been invalidated."  512 U.S. at 487.  Thus, "*Heck* says

11   that 'if a criminal conviction arising out of the same facts stands and is fundamentally

12   inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983

13   action must be dismissed.'"  *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (quoting

14   *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996)).  "Consequently, 'the relevant question is

15   whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the

16   invalidity of the earlier conviction or sentence . . . ."  *Beets v. County of Los Angeles*, 669 F.3d

17   1038, 1042 (9th Cir. 2012) (quoting *Smithart*, 79 F.3d at 951).  It is the defendant's burden to

18   show that a plaintiff's claim is barred by *Heck*.  *See Sanford v. Motts*, 258 F.3d 1117, 1119 (9th

19   Cir. 2001).

20   Here, defendants contend that plaintiff was convicted of violating California Penal Code

21   § 594(a), presumably for having "kicked out the window" of defendant Nelson's vehicle.[3]  ECF

22   No. 11 at 4, 8.  California Penal Code § 594(a) provides, in relevant part, that "[e]very person

23   who maliciously" damages or destroys "any real or personal property not his or her own, in cases

24   other than those specified by state law, is guilty of vandalism."  Plaintiff's complaint, however,

25   read in the light most favorable to plaintiff, alleges that plaintiff was falsely arrested for "public

26   intoxication" after complaining about defendant Nelson's unlawful search and seizure.  ECF No.

27

28   _____

[3] In support of that contention, defendants request judicial notice of a verdict form and
minute order from the Sacramento County Superior Court.  ECF No. 11-1 at 2-4.

1 at 3.  Plaintiff was then placed in the back of the police vehicle where she kicked out the window.  *Id.*  "All charges against Plaintiff for public intoxication were dropped by the prosecuting authorities."  *Id.* at 5.

In this regard, if plaintiff were successful in proving her claim that she was falsely arrested for public intoxication, it would not necessarily imply the invalidity of her conviction for vandalism.  Instead, two isolated factual contexts would exist, one giving rise to civil liability on the part of the defendants and the second giving rise to plaintiff's criminal liability.  *See Hooper v. County of San Diego*, 629 F.3d 1127, 1132 (9th Cir. 2011) ("That is, two 'factual contexts' can exist during 'one continuous chain of events'"); *Smith, 3*94 F.3d at 696 ("Similarly, excessive force used after a defendant has been arrested may properly be the subject of a § 1983 action notwithstanding the defendant's conviction on a charge of resisting an arrest that was itself lawfully conducted."); *Lawrence v. City of Chino*, No. CV 04-6466 DSF (SHx), 2006 WL 4811344, at *3 (C.D. Cal. Aug. 24, 2006) ("Here, however, the section 1983 claims are based on Plaintiff's alleged false arrest for the robbery.  A judgment in Plaintiff's favor would not necessarily imply that his conviction for being a felon in possession of ammunition was invalid."); *Yount v. City of Sacramento*, 43 Cal.4th 885, 899 (Cal. 2008).

Defendants also argue that plaintiff's false arrest claim must be dismissed because "[d]efendants . . . had probable cause to arrest" plaintiff on "other bases."  ECF No. 11 at 10.  In this regard, defendants argue that although they "may have arrested Plaintiff CLARK for public intoxication . . . probable cause existed objectively for the overt vandalization of the law enforcement vehicle."  *Id.*

"Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested."  *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).  "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest."  *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).  "It is essential to avoid hindsight analysis, i.e., to consider /////

1   additional facts that became known only after the arrest was made." *John v. City of El Monte*,

2   515 F.3d 936, 940 (9th Cir. 2008).

3       Here, the complaint alleges that after plaintiff complained about defendant Nelson's

4   unlawful search and seizure of her medical marijuana, defendants arrested plaintiff for public

5   intoxication without probable cause. ECF No. 1 at 5. Moreover, plaintiff repeatedly requested a

6   "sobriety test, which requests were flatly denied . . . ." *Id.* Thereafter, "[a]ll charges against

7   Plaintiff for public intoxication were dropped by the prosecuting authorities." *Id.* Read in the

8   light most favorable to plaintiff, it cannot be determined from the face of the complaint that the

9   defendants had probable cause to arrest plaintiff for public intoxication.

10      Accordingly, it is recommended that defendants' motion to dismiss this claim be denied.

11  III.   Excessive Force

12      Defendants argue that the complaint's cause of action for excessive force against

13  defendant Kemp should be dismissed. In this regard, defendants argue that

14          …based on her complaint and the judicially noticed vandalism
            conviction, it is apparent that [plaintiff] was out of control after her
15          river rescue, singlehandedly breaking the window of a ranger
            vehicle. In light of this violent maneuver by Plaintiff, the force
16          used to restrain her was objectively reasonable as a matter of law.

17  ECF No. 11 at 11.

18      A claim that a law enforcement officer used excessive force during the course of an arrest

19  is analyzed under the Fourth Amendment and an objective reasonableness standard. *See Graham*

20  *v. Connor*, 490 U.S. 386, 395 (1989). Under this standard, "'[t]he force which [i]s applied must

21  be balanced against the need for that force: it is the need for force which is at the heart of the

22  *Graham* factors.'" *Liston v. County of Riverside*, 120 F.3d 965, 976 (9th Cir. 1997) (quoting

23  *Alexander v. City and County of San Francisco*, 29 F.3d 1355, 1367 (9th Cir. 1994)). Force is

24  excessive when it is greater than is reasonable under the circumstances." *Santos v. Gates*, 287

25  F.3d 846, 854 (9th Cir. 2002) (citing *Graham*, 490 U.S. 386).

26      Here, plaintiff's complaint alleges that, after her arrest and after breaking the vehicle's

27  window, plaintiff was transported to the "County Jail," where defendant Nelson and/or defendant

28  Kemp applied handcuffs to plaintiff "too tightly," ECF No. 1 at 4, causing injury to plaintiff's

7

1  shoulder.  Moreover, the complaint alleges that this excessively tight handcuffing was "entirely

2  unjustified by the circumstances, and was beyond the level of force that any reasonably law

3  enforcement officer could have believed was justified."  *Id.* at 6.

4       As noted above, the court must accept those allegations as true.  Accepting those

5  allegations as true, the undersigned finds that they state a cognizable claim for the excessive use

6  of force against defendant Kemp.  Accordingly, it is recommended that defendants' motion to

7  dismiss be denied as to this claim.

8  IV.   <u>Illegal Seizure of Property</u>

9       Defendants' motion seeks dismissal of the complaint's "illegal seizure of property claim."

10  ECF No. 1 at 6; ECF No. 11 at 12.  In this regard, the complaint alleges that after plaintiff "was

11  released on her own recognizance," the defendants "and/or their employers confiscated Plaintiff's

12  cell phone, driver's license, and medical marijuana," although these "items were eventually

13  returned to her."  ECF No. 1 at 4, 6.

14       The complaint, however, fails to contain any facts specifically alleging that it was

15  defendant Nelson and/or defendant Kemp that initially refused to return plaintiff's property.  Nor

16  does the complaint allege how long plaintiff had to wait until her property "was returned to her."

17  ECF No. 1 at 4.

18       Moreover, it appears that the complaint concedes that plaintiff was lawfully arrested for

19  violating California Penal Code § 594(a).  Searches during the booking process are "incidental

20  administrative steps" and do not violate the Fourth Amendment's preclusion against warrantless

21  searches and seizures.  *Illinois v. Lafayette*, 462 U.S. 640, 644 (1983).  "Three circuits have

22  squarely considered and rejected the theory that 'continued seizures' violate the Fourth

23  Amendment."  *Fiore v. Walden*, 688 F.3d 558, 596 n.6 (9th Cir. 2012) (Ikuta, J., dissenting),

24  *rev'd on other grounds, Walden v. Fiore*, 134 S. Ct. 1115 (2014).  *See, e.g.*, *Gonzalez v. Vill. of*

25  *W. Milwaukee*, 671 F.3d 649, 660 (7th Cir. 2012) ("[C]ontinued retention of unlawfully seized

26  property is not a separate Fourth Amendment wrong."); *Lee v. City of Chicago*, 330 F.3d 456,

27  461-66 (7th Cir. 2003); *Fox v. Van Oosterum*, 176 F.3d 342, 351-52 (6th Cir. 1999); *United*

28  *States v. Jakobetz*, 955 F.2d 786, 802 (2d Cir. 1992).

1    Accordingly, it is recommended that defendants' motion to dismiss be granted as to this

2    claim.

3    V.    *Monell* Claim

4    Defendants' motion also seeks dismissal of the complaint's *Monell* claim.  ECF No. 11 at

5    13.  A municipality may be liable under § 1983 where the municipality itself causes the

6    constitutional violation through a "policy or custom, whether made by its lawmakers or those

7    whose edicts or acts may fairly be said to represent official policy."  *Monell v. Department of*

8    *Social Services*, 436 U.S. 658, 6994 (1978).  Municipal liability in a § 1983 case may be premised

9    upon:  (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard

10   operating procedure of the local government entity;" (3) the act of an "official whose acts fairly

11   represent official policy such that the challenged action constituted official policy;" or (4) where

12   "an official with final policy-making authority delegated that authority to, or ratified the decision

13   of, a subordinate."  *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008).  "To sufficiently plead a

14   *Monell* claim and withstand a Rule 12(b)(6) motion to dismiss, allegations in a complaint 'may

15   not simply recite the elements of a cause of action, but must contain sufficient allegations of

16   underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'"

17   *Johnson v. Shasta County*, 83 F.Supp.3d 918, 930 (E.D. Cal. 2015) (quoting *AE ex rel.*

18   *Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)).

19   Here, plaintiff's complaint simply alleges that defendant Nelson and defendant Kemp's

20   "constitutional violations . . . were pursuant to . . . customs, policies, practices and/or procedures

21   of the County of Sacramento and the City of Sacramento . . ."  ECF No. 1 at 7.  In this regard, the

22   complaint fails to contain sufficient allegations of underlying facts to establish such a custom,

23   policy or practice.

24   Accordingly, it is recommended that defendants' motion to dismiss be granted as to this

25   claim.

26   /////

27   /////

28   /////

9

1    VI.    ADA Violation

2           Defendants' motion also seeks dismissal of the complaint's claim for violation of the

3    Americans with Disabilities Act of 1990, ("ADA"), 42 U.S.C. §§ 12101, *et seq.*  ECF No. 11 at

4    14-16.

5           Title II of the ADA provides that "no qualified individual with a disability shall, by reason

6    of such disability, be excluded from participation in or be denied the benefits of the services,

7    programs, or activities of a public entity, or be subjected to discrimination by any such entity."

8    42 U.S.C. § 12132.  "Discrimination includes a failure to reasonably accommodate a person's

9    disability."  *Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014),

10   *reversed in part on other grounds*, —— U.S. ——, 135 S.Ct. 1765, 191 L.Ed.2d 856 (2015).  "In

11   order to state a claim of disability discrimination under Title II, including a reasonable

12   accommodation claim, a plaintiff must allege that: (1) the plaintiff is an individual with a

13   disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some

14   public entity's services, programs, or activities; (3) the plaintiff was either excluded from

15   participation in or denied the benefits of the public entity's services, programs, or activities, or

16   was otherwise discriminated against by the public entity; and (4) such exclusion, denial of

17   benefits, or discrimination was by reason of the plaintiff's disability."  *Bresaz v. County of Santa*

18   *Clara*, 136 F. Supp. 3d 1125, 1132 (N.D. Cal. 2015).  "To adequately allege an actual disability

19   under the ADA, a plaintiff must allege two elements: '1 ) . . . a physical or mental impairment;

20   and (2) that such impairment substantially limits one or more . . . major life activities.'"  *Kaur v.*

21   *City of Lodi*, No. 2:14-cv-828 GEB AC, 2014 WL 3889976, at *4 (E.D. Cal. Aug. 6, 2014)

22   (quoting *Daubert v. City of Lindsay*, No. 1:10-cv-1588 AWI SKO, 2010 WL 4814408 *2 (E.D.

23   Cal. Nov. 19, 2010)).

24          Here, plaintiff's complaint simply alleges that "she suffered from claustrophobia, an

25   anxiety disorder that is widely recognized as a disability," that the defendants could have "easily

26   accommodated Plaintiff's disability by simply rolling down the window," and that the defendants

27   "refused to accommodate Plaintiff's claustrophobia."  ECF No. 1 at 3, 7.  Such conclusory

28   /////

1   allegations are insufficient to state a viable claim for the violation of the ADA.[4]  *See Klamut v.*

2   *California Highway Patrol*, Case No. 15-cv-2132 MEJ, 2015 WL 9024479, at *8 (N.D. Cal. Dec.

3   16, 2015) ("Plaintiff fails to sufficiently allege he has a record of physical or mental impairment

4   that substantially limited one or more of his major life activities"); *Bresaz*, 136 F. Supp. 3d at

5   1135-36 ("where, as here, a party alleges that he or she is disabled under the ADA, courts have

6   generally required the party to plead the disability with some factual specificity"); *Kaur v. City of*

7   *Lodi*, No. 2:14-cv-828 GEB AC, 2014 WL 3889976, at *5 (E.D. Cal. Aug. 6, 2014) ("These

8   conclusory allegations are insufficient under the applicable pleading standard to allege facts from

9   which a reasonable inference may be drawn that Parminder suffered from a disability defined in

10   the ADA.").

11          Accordingly, it is recommended that defendants' motion to dismiss be granted as to this

12   claim.[5]

13                                    LEAVE TO AMEND

14          As noted above, the undersigned has recommended that the complaint's illegal seizure,

15   *Monell*, and violation of the ADA claims be dismissed.  The undersigned has carefully considered

16   whether plaintiff could amend those claims to state a claim upon which relief could be granted.

17   /////

18

19          [4]  Plaintiff's complaint also seeks monetary damages for defendants' alleged violation of
     the ADA.  ECF No. 1 at 8.  The Ninth Circuit has determined that "[t]o recover monetary
20   damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional
     discrimination on the part of the defendant."  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138
21   (2001) (citing *Ferguson v. City of Phoenix*, 157 F.3d 688, 674 (9th Cir. 1998)).  To do so, a
     plaintiff must establish that the defendant was "deliberately indifferent" to plaintiff's disability,
22   which "requires both knowledge that a harm to a federally protected right is substantially likely,
     and a failure to act upon that the likelihood."  *Id*. at 1139 (citing *City of Canton v. Harris*, 489
23   U.S. 378, 389 (1988)).

24          [5]  Defendants' motion also argues that the complaint's ADA claim should be dismissed on
25   the grounds of qualified immunity.  ECF No. 11 at 15.  However, the undersigned has
     recommended that the complaint's ADA claim be dismissed for failure to state a claim and will
26   recommend that plaintiff be granted leave to amend that claim.  In this regard, plaintiff's
     allegations with respect to this claim are not settled.  Accordingly, the undersigned finds that the
27   court need not address the issue of qualified immunity at this time.  *See Klamut v. California*
     *Highway Patrol*, Case No. 15-cv-2132-MEJ, 2015 WL 9024479, at *9 (N.D. Cal. Dec. 16, 2015).
28

1   "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."

2   *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir.

3   1988).  *See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293

4   (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have

5   to allow futile amendments).

6          Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend

7   would be futile.  Plaintiff is cautioned, however, that if she elects to an amended the complaint

8   "the tenet that a court must accept as true all of the allegations contained in a complaint is

9   inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

10  supported by mere conclusory statements, do not suffice."  *Ashcroft*, 556 U.S. at 678.  "While

11  legal conclusions can provide the complaint's framework, they must be supported by factual

12  allegations."  *Id.* at 679.  Those facts must be sufficient to push the claims "across the line from

13  conceivable to plausible[.]"  *Id.* at 680 (quoting *Twombly*, 550 U.S. at 557).

14         Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

15  amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

16  in itself without reference to prior pleadings.  The amended complaint will supersede the original

17  complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in any amended complaint

18  plaintiff may elect to file, just as if it were the initial complaint filed in the case, each defendant

19  must be listed in the caption and identified in the body of the complaint, and each claim and the

20  involvement of each defendant must be sufficiently alleged.  Any amended complaint which

21  plaintiff may elect to file must also include concise but complete factual allegations describing

22  the conduct and events which underlie plaintiff's claims.

23                                        CONCLUSION

24         Accordingly, IT IS HEREBY RECOMMENDED that:

25         1.  Defendants' January 8, 2016 motion to dismiss (ECF No. 11) be granted in part and

26  denied in part;

27         2.  The complaint's claims for illegal seizure, *Monell*, and violation of the ADA be

28  dismissed with leave to amend;

12

3.  Plaintiff be granted twenty-eight days from the date of any order adopting these findings and recommendations to file an amended complaint that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice[6]; and

4.  If after the twenty-eight days has passed plaintiff has not filed an amended complaint, defendants be directed to file an answer within fourteen days to the complaint's claims of retaliation, false arrest and excessive force.[7]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 25, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[6]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

[7]  In this regard, if plaintiff wishes to forgo pursing her claims of illegal seizure, *Monell*, and violation of the ADA violation, she need not file an amended complaint, and this action will proceed on her claims of retaliation, false arrest and excessive force.