UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA CLARK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　　　Defendants. | No. 2:15-cv-1211 JAM DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

This action came before the undersigned on February 3, 2017, for hearing of defendants' motion for partial dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiff Felicia Clark appeared on her own behalf. Attorney Jill Nathan appeared on behalf of the defendants. After hearing oral argument, defendants' motion was taken under submission.

For the reasons stated below, the undersigned will recommend that defendants' partial motion to dismiss be granted in part.

## BACKGROUND

Plaintiff commenced this action on June 5, 2015, by filing a complaint and a motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) On September 29, 2015, a previously assigned Magistrate Judge granted plaintiff's motion to proceed in forma pauperis and ordered service of

---

[1] Plaintiff is proceeding pro se in this action. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

the complaint.[2] (ECF No. 3.) On January 8, 2016, defendants filed a motion to dismiss. (ECF No. 11.) On July 26, 2016, a previously assigned Magistrate Judge issued findings and recommendation recommending that the complaint's claims for illegal seizure, Monell, and violation of the Americans with Disabilities Act be dismissed with leave to amend. (ECF No. 18.) Those findings and recommendations were adopted in full by the assigned District Judge on August 31, 2016. (ECF No. 21.)

Plaintiff is now proceeding on a second amended complaint filed November 21, 2016. (ECF No. 29.) Therein, plaintiff alleges, in relevant part, that on June 6, 2013, plaintiff was stranded on a bank of the American River. (Sec. Am. Compl. (ECF No. 29) at 4.[3]) Defendants Andrew Nelson and Christopher Kemp, park rangers with the Sacramento County Parks Department, responded to the scene along with emergency rescue personnel. (Id. at 3-4.) Without plaintiff's consent, defendant Nelson searched plaintiff and confiscated plaintiff's medical marijuana before discarding the marijuana. (Id. at 4.) Plaintiff "raised with Nelson and Kemp the impropriety of Nelson's actions" and the defendants arrested plaintiff without probable cause. (Id.)

After being arrested, plaintiff was placed in the back of a police vehicle. (Id.) Plaintiff informed defendants Nelson and Kemp that she suffered from claustrophobia. (Id.) Plaintiff asked that the rear window be lowered to accommodate her claustrophobia. (Id.) Defendants refused and plaintiff "kicked the window of the police car, breaking it." (Id.) Another officer arrived, lowered a window, and transported plaintiff to the Sacramento County Jail. (Id.)

At the jail, defendant Nelson "and/or" Kemp applied plaintiff's handcuffs "too tightly." (Id. at 5.) Defendant Nelson then "pushed" plaintiff onto a bench, causing plaintiff's leg to make "slight" contact with defendant Nelson's leg. (Id.) Thereafter, defendant Nelson "violently grabbed plaintiff by the throat and choked her." (Id.) A Doe defendant "immediately joined . . . Nelson in violently grabbing Plaintiff by the throat and choking her." (Id.) Plaintiff was

---

[2] On August 2, 2016, the matter was reassigned from a previously assigned Magistrate Judge to the undersigned. (ECF No. 19.)

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

eventually released, but her cell phone, driver's license, and medical marijuana license were not returned to her at the time of her release. (Id.)

Defendants filed the pending motion to dismiss on December 5, 2016. (ECF No. 30.) Plaintiff filed an opposition on January 20, 2017. (ECF No. 33.) Defendants filed a reply on January 27, 2017. (ECF No. 34.) Plaintiff filed a sur-reply on February 17, 2017.[4] (ECF No. 36.)

## STANDARDS

I. <u>Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)</u>

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than

---

[4] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules. <u>See</u> Fed. R. Civ. P. 12; Local Rule 230. Nonetheless, in light of plaintiff's pro se status, the undersigned has reviewed plaintiff's sur-reply and considered it in evaluating defendants' motion.

an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

According to defendants' motion to dismiss, plaintiff's second amended complaint asserts the following six causes of action: retaliation in violation of the First Amendment; false arrest; excessive force; illegal seizure of property; a Monell claim; and a claim pursuant to the Americans with Disabilities Act. (Defs.' MTD (ECF No. 30) at 4.) Defendants' motion to dismiss seeks dismissal of the second amended complaint's claims for illegal seizure of property, Monell, and violation of the Americans with Disabilities Act. (Id.)

**I.    Illegal Seizure of Property**

Defendants' motion seeks dismissal of the second amended complaint's claim for the illegal seizure of property. (Id. at 5-6.) The Fourth Amendment protects persons against "unreasonable searches and seizures." U.S. Const. amend. IV. "A 'seizure' of property . . . occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" Soldal v. Cook County, Ill., 506 U.S. 56, 61 (1992) (quoting United States v. Jacobsen, 466 U.S. 109, 113 (1984)); see also United States v. Hall, 978 F.2d 616, 619 (10th Cir. 1992) ("Tangible property is seized when a police officer exercises control over the property by

removing it from an individual's possession.").

The Supreme Court "has stated 'the general rule that Fourth Amendment seizures are 'reasonable' only if based on probable cause' to believe that the individual has committed a crime." Bailey v. U.S., 133 S. Ct. 1031, 1037 (2013) (quoting Dunaway v. New York, 442 U.S. 200, 213 (1979)); see also U.S. v. Place, 462 U.S. 696, 701 (1983) ("In the ordinary case, the Court has viewed a seizure of personal property as per se unreasonable within the meaning of the Fourth Amendment unless it is accomplished pursuant to a judicial warrant issued upon probable cause and particularly describing the items to be seized.").

Here, the second amended complaint alleges that defendant Nelson "illegally" searched plaintiff's bag "without a warrant and without consent," and "confiscated Plaintiff's medical marijuana from her bag and discarded it." (Sec. Am. Compl. (ECF No. 29) at 4.) Moreover, defendant Nelson and defendant Kemp confiscated plaintiff's "driver's license, cell phone, and medical marijuana card," after arresting her without "probable cause, for doing so." (Id. at 4, 7.)

Accepting as true the allegations found in the second amended complaint, and construing them in the light most favorable to the plaintiff, the undersigned finds that the second amended complaint states a claim for unlawful seizure against defendant Kemp and defendant Nelson. However, the second amend complaint's claim for unlawful seizure is also asserted against defendant County of Sacramento. (Id. at 4.) There are no allegations found in the second amended complaint to support an illegal seizure claim against defendant County of Sacramento.

Accordingly, the undersigned recommends that defendants' motion to dismiss the second amended complaint's illegal seizure claim be denied as to defendant Nelson and defendant Kemp and granted as to defendant County of Sacramento.

**II.    ADA Claim**

Defendants' motion also seeks dismissal of the second amended complaint's claim for violation of the Americans with Disabilities Act of 1990, ("ADA"), 42 U.S.C. § 12101, *et seq*. (Defs.' MTD (ECF No. 30) at 6-7). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

discrimination by any such entity." 42 U.S.C. § 12132. "Discrimination includes a failure to reasonably accommodate a person's disability." Sheehan v. City & Cty. of San Francisco, 743 F.3d 1211, 1231 (9th Cir. 2014), *reversed in part on other grounds*, 135 S.Ct. 1765 (2015). "In order to state a claim of disability discrimination under Title II, including a reasonable accommodation claim, a plaintiff must allege that: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." Bresaz v. County of Santa Clara, 136 F.Supp.3d 1125, 1132 (N.D. Cal. 2015). "To adequately allege an actual disability under the ADA, a plaintiff must allege two elements: '1 ) . . . a physical or mental impairment; and (2) that such impairment substantially limits one or more . . . major life activities.'" Kaur v. City of Lodi, No. 2:14-cv-828 GEB AC, 2014 WL 3889976, at *4 (E.D. Cal. Aug. 6, 2014) (quoting Daubert v. City of Lindsay, No. 1:10-cv-1588 AWI SKO, 2010 WL 4814408 *2 (E.D. Cal. Nov. 19, 2010)).

Here, the second amended complaint simply alleges that plaintiff "suffered from claustrophobia, an anxiety disorder that is widely recognized as a disability," that the defendants could have "easily accommodated Plaintiff's disability by simply rolling down the window," and that the defendants refused to accommodate plaintiff's claustrophobia. (Sec. Am. Compl. (ECF No. 29) at 4, 8.) The second amended complaint also alleges that plaintiff "has sought out medical help for her claustrophobia that resulted in counseling and therapy." (Id. at 12.)

Such conclusory allegations, however, are insufficient to state a viable claim for the violation of the ADA. See Klamut v. California Highway Patrol, Case No. 15-cv-2132 MEJ, 2015 WL 9024479, at *8 (N.D. Cal. Dec. 16, 2015) ("Plaintiff fails to sufficiently allege he has a record of physical or mental impairment that substantially limited one or more of his major life activities"); Bresaz, 136 F.Supp.3d at 1135-36 ("where, as here, a party alleges that he or she is disabled under the ADA, courts have generally required the party to plead the disability with

some factual specificity"); Kaur, 2014 WL 3889976, at *5 ("These conclusory allegations are insufficient under the applicable pleading standard to allege facts from which a reasonable inference may be drawn that Parminder suffered from a disability defined in the ADA."); cf. Puckett v. Park Place Entertainment Corp., 332 F.Supp.2d 1349, 1353 (D. Nev. 2004) ("The amended complaint alleges that Plaintiff's MS limits her major life activities of working and lifting.").

Moreover, the second amended complaint's ADA claim is asserted against only defendant Nelson and defendant Kemp. (Sec. Am. Compl. (ECF No. 29) at 8.) However, "'[i]ndividual liability is precluded under ADA Title II.'" Kaur v. City of Lodi, No. 2:14-cv-0828 TLN AC, 2017 WL 2833403, at *24 (E.D. Cal. June 30, 2017) (quoting Roundtree v. Adams, No. 1:01-cv-06502 OWW JLO, 2005 WL 3284405, at *8 (E.D. Cal. Dec. 1, 2005)); see also Williams v. California Department of Corrections and Rehabilitation, No. 2:16-cv-1377 MCE CKD, 2017 WL 977766, at *5 (E.D. Cal. Mar. 14, 2017) ("Plaintiffs may sue only a public entity like CDCR for violations of the ADA . . . not government officials in their individual capacities."); Heinke v. County of Tehama Sheriff's Dept., No. CIV S-12-2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug. 1, 2013) ("there is no individual liability under the ADA").

Accordingly, the undersigned recommends that defendants' motion to dismiss the second amended complaint's ADA claim be granted.

### III.  Monell Claim

Finally, defendants' motion also seeks dismissal of the second amended complaint's Monell claim. (Defs.' MTD (ECF No. 30) at 7-8.) A municipality may be liable under § 1983 where the municipality itself causes the constitutional violation through a "policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy." Monell v. Department of Social Services, 436 U.S. 658, 6994 (1978). Municipal liability in a § 1983 case may be premised upon: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (4) where "an official with final policy-making

7

authority delegated that authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008). "To sufficiently plead a Monell claim and withstand a Rule 12(b)(6) motion to dismiss, allegations in a complaint 'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" Johnson v. Shasta County, 83 F.Supp.3d 918, 930 (E.D. Cal. 2015) (quoting AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012)).

Here, plaintiff's second amended complaint simply alleges that defendant Nelson and defendant Kemp's "constitutional violations . . . were pursuant to . . . customs, policies, practices and/or procedures of the County of Sacramento and the City of Sacramento . . . ." (Sec. Am. Compl. (ECF No. 29) at 8.) The second amended complaint also alleges that "Defendants Nelson and Kemp used their badges . . . to commit unjustified acts against" plaintiff but were not reprimanded by their superiors. (Id. at 12.) As was true of the original complaint, however, the second amended complaint fails to contain sufficient allegations of underlying facts in support of this claim.

Accordingly, the undersigned recommends that defendants' motion to dismiss be granted as to the second amended complaint's Monell claim.

## LEAVE TO AMEND

As noted above, the undersigned has recommended that the second amended complaint's Monell and violation of the ADA claims be dismissed entirely, and that the claim for illegal seizure be dismissed against the County of Sacramento. The undersigned has carefully considered whether plaintiff could further amend those claims to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above, and plaintiff's inability to previously successfully amend these claims, the undersigned finds that it

8

would be futile to grant plaintiff further leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' December 5, 2016 motion to dismiss (ECF No. 30) be granted in part and denied in part;

2. The second amended complaint's Monell and violation of the ADA claims be dismissed without leave to amend;

3. The second amended complaint's claim for illegal seizure against defendant County of Sacramento be dismissed without leave to amend;

4. Defendant Nelson and Defendant Kemp be directed to file an answer within fourteen days of the date of any order adopting these findings and recommendations to the second amended complaint's claims for retaliation in violation of the First Amendment; false arrest; excessive force; and illegal seizure of property; and

5. Defendant County of Sacramento be dismissed from this action.

Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 11, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/clark1211.mtd.f&rs

9