UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA CLARK,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:15-cv-1211 JAM DB PS<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On June 18, 2018, plaintiff filed a "Request." (ECF No. 50.) Therein, plaintiff states that "[s]ince bringing my lawsuit . . . CPS has removed my children[.]" (Id. at 2.) Plaintiff recounts the difficulty plaintiff has faced in bringing this issue to the attention of various entities. (Id. at 2-3.) Plaintiff asks that: (1) "my cps case be moved out of the county's hands out of family court and into the Federal courts hands"; and (2) for "protective orders" to issue for plaintiff and her minor children. (Id. at 2, 3.)

The defendants in this action, however, are park rangers with the Sacramento County Parks Department. And this action does not involve Child Protective Services. Moreover, federal courts do not have jurisdiction over state matters involving child custody. See Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (holding that the domestic relations exception to federal

1

subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees); Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (affirming abstention where the case raised constitutional issues but was "at its core a child custody dispute"); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (finding abstention appropriate despite the presence of constitutional issues where the plaintiff sought visitation with children who were wards of the state court).

Plaintiff also seeks an order that defendants "hand over any and all evidence they are in possession of" regarding this action. (ECF No. 50 at 4.) What plaintiff is referring to is known as discovery. In order to conduct discovery, plaintiff will need to consult the Federal Rules of Civil Procedure, and Local Rule 251. The undersigned cannot simply order defendants to turn over all evidence.

Finally, plaintiff seeks "a 30 day continuance on all matters that were due to be filed" on June 18, 2018. (ECF No. 50.) The only matter due to be filed on June 18, 2018, was plaintiff's disclosure of expert witnesses. (ECF No. 47 at 2.) Based on plaintiff's pleading, and in light of plaintiff's pro se status, the undersigned finds good cause to grant plaintiff's request. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 18, 2018 request to continue (ECF No. 50) is granted;

2. The parties shall disclose experts no later than July 20, 2018;

3. The parties shall disclose any rebuttal experts no later than July 27, 2018; and

4. This order does not alter any other deadlines set in this action.[1]

Dated: June 22, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6DB\orders\orders.pro se\clark1211.eot.grnt.ord

---

[1] Should defendants require an adjustment to the schedule set in this action as a result of this alteration, defendants shall file a request for any modification needed.

2