UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA CLARK, | No. 2:15-cv-1211 JAM DB PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On December 18, 2017, the undersigned issued a Status (Pretrial Scheduling) Order. (ECF No. 47.) That order provides, in relevant part, that discovery shall "be <u>completed</u> by **August 10, 2018**." (<u>Id.</u> at 2) (emphasis in original). The order explains that:

> The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

(<u>Id.</u>)

On July 6, 2018, defendants filed a motion to compel. (ECF No. 52.) That motion is noticed for hearing before the undersigned on August 3, 2018—seven days prior to the close of discovery. (ECF No. 54.) In this regard, there is not sufficient time remaining in the discovery

period to allow hearing of defendants' motion, order compliance, and provide plaintiff sufficient time to comply with that order.

Defendants' motion acknowledges that granting defendants' motion "may necessitate a rescheduling from the existing discovery deadline of August 10, 2018[.]" (ECF No. 52 at 8.) However, defendants' motion provides no argument in support of amending the scheduling order. "Once a scheduling order has been filed pursuant to Rule 16, the 'schedule may be modified only for good cause and with the judge's consent.'" Sharp v. Covenant Care LLC, 288 F.R.D. 465, 467 (S.D. Cal. 2012) (quoting Fed. R. Civ. P. 16(b)(4)). "Thus, when a [party] seeks to continue the dates set by the court at a scheduling conference, it must first show 'good cause' for modification of the scheduling order under Rule 16(b)." Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha, 218 F.R.D. 667, 671 (C.D. Cal. 2003).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[1] Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' July 6, 2018 motion to compel (ECF No. 52) is denied without prejudice to renewal; and

2. The August 3, 2018 hearing of defendants' motion is vacated.

Dated: July 31, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\clark1211.disc.net.ord

---

[1] On June 25, 2018, the undersigned issued an order granting plaintiff's request to modify the deadline set for disclosure of expert witnesses. (ECF No. 51 at 2.) That order noted Rule 16(b)'s good cause standard and advised defendants that if defendants needed a modification to the scheduling order "defendants shall file a request for any modification needed." (Id.)

2